```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOSEPH W. PALMER,**

               **Petitioner,**

               v.                                     CASE NO. 07-3007-SAC

**DAVID R. McKUNE,**
**et al.,**               **Respondents.**

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Petitioner is serving a sentence of 294 months entered in Sedgwick County District Court, Wichita, Kansas, on May 13, 1999, upon his conviction by a jury of two counts of indecent liberties with a minor and one count of criminal sodomy.

Petitioner directly appealed his conviction raising several grounds including insufficient evidence and trial court errors. The KCOA affirmed on September 1, 2000; and the Kansas Supreme Court denied his Petition for Review on December 20, 2000 (Appellate Case Number 83417). It thus appears Mr. Palmer's conviction became "final" on or around March 21, 2001.

On March 2, 2002, Mr. Palmer filed a petition under K.S.A. 60-1507 in the Sedgwick County District Court (District Case No. 02C734) claiming ineffective assistance of counsel. This petition was denied on December 11, 2002, without a hearing. Petitioner states the KCOA reversed the district court's denial, and remanded the case for an evidentiary hearing. Apparently, the state district court judge that presided over Mr. Palmer's criminal trial then held a hearing and again denied the petition. The on-line Kansas appellate court records show a notice of appeal was filed in the

case in February, 2005; the KCOA affirmed the denial on September 8, 2006 (Appellate Case Number 93939); and a Petition for Review was denied on December 19, 2006. The federal Petition indicates it was executed on January 9, 2007.

As grounds for this federal petition, Mr. Palmer raises the same insufficient evidence and trial court error claims as he presented on direct appeal, and the ineffective assistance of counsel claim raised in his 60-1507 petition. Petitioner alleges that all grounds he raises were presented to the highest state court; however, he also alleges he has a petition or appeal currently pending, but does not give information as to the pending proceeding.

Petitioner states he was not informed by his counsel of the denial of his Petition for Review until January 5, 2007. He further admits his federal Petition was 3 days late but claims it was because he was unable to get copies of his Petition until January 9, 2007, due to the copying policy at LCF. He seeks equitable tolling of the 3 days.

Petitioner must satisfy the court fee for filing this action of $5.00 before it may proceed further. He has neither paid the fee nor submitted a motion for leave to proceed without prepayment of fees (IFP motion) supported by a certified statement of his inmate account over the preceding six months as required by statute. He will be given time to satisfy the fee. If the time allotted passes without petitioner satisfying the filing fee, this action could be dismissed without further notice. Petitioner is cautioned that since the statute of limitations may have already expired in this case, the dismissal of this action, even without prejudice, could

also result in a subsequently filed federal habeas corpus petition being dismissed as time-barred.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee in this action of $5.00 by either paying the fee or submitting a proper motion for leave to proceed without prepayment of fees on forms provided by the court.

The Clerk is directed to transmit forms to petitioner for filing an IFP motion.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

3