```
             IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOSEPH W. PALMER,**
      Petitioner,

   v.          CASE NO.  07-3007-SAC

**DAVID R. McKUNE,**
**et al.,**       Respondents.

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas and the filing fee was paid. Petitioner is serving a sentence entered in Sedgwick County District Court, Wichita, Kansas, on May 13, 1999, upon his conviction by a jury of two counts of indecent liberties with a minor and one count of criminal sodomy. The court issued a show cause order to respondents, who filed a Motion to Dismiss this § 2254 action on the grounds that petitioner failed to file his application within the time allowed by the applicable statute of limitations. Petitioner has responded to the Motion to Dismiss.

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Id. A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. 2244(d)(2).

**FACTS**

Having examined the factual allegations set forth in support of Respondents' Motion to Dismiss and those in petitioner's Response together with all materials in the file, the court finds the relevant facts as follows:

1. May 13, 1999, is the date petitioner was sentenced to 294 months imprisonment upon his convictions in the District Court of Sedgwick County, Kansas, of one count of Aggravated Criminal Sodomy and two counts of Aggravated Indecent Liberties with a Child in Case No. 98-CR-2910.  He directly appealed, culminating in the Kansas Supreme Court denying a Petition for Review on December 20, 2000.  Petitioner then had ninety days in which he could have filed a Petition for Certiorari to the United States Supreme Court, and this time period began on December 21, 2000.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

2. March 19, 2001, was the ninetieth, and therefore the final day of the period for filing a certiorari petition, and petitioner filed none prior to or on that final day.

3. March 20, 2001, is therefore the day on which petitioner's state convictions became "final," and the statute of limitations set forth in 28 U.S.C. 2244(d)(1) began to run.  The one-year limitations period ran without interruption for 346 days through February 28, 2002.

4. March 1, 2002, is the date on which petitioner filed his

1507 motion in the state trial court.  This 1507 motion tolled the statute of limitations, as provided in 28 U.S.C. 2244(d)(2), beginning on the date of filing.  The statute of limitations was tolled as long as the 1507 proceedings were "properly pending."

5.  December 19, 2006 is the date on which the Kansas Supreme Court denied a Petition for Review of the 1507 action, and is the last date the tolling action was pending[1].

6.  December 20, 2006, is the date on which the statute of limitations started running again in this case.

7.  Absent further statutory or equitable tolling, the statute of limitations expired 19 days later (346 + 19 = 365) on Monday, January 8, 2007.

8.  January 9, 2007, is the date on which petitioner executed the federal Petition filed in this case.  This was the day after the statute of limitations expired.

**DISCUSSION**

The court rejects respondents' allegation in their motion that the time period for petitioner to seek review by the United States Supreme Court expired on March 20, 2001, and finds instead that it expired on Monday, March 19, 2001.  The court also rejects respondents' suggestion that the date this action was file-stamped, January 10, 2007, is relevant for purposes of this statute of limitations inquiry.  Instead, the court finds the crucial date is that on which petitioner executed his Petition, which was January

---

[1] The denial of a Petition for Review by the Kansas Supreme Court is not subject to a Motion for Rehearing under that court's appellate rules.  See Kansas S.Ct.Rules, Rule 8.03(f).

9, 2007, and this Petition is deemed to have been filed on January 9, 2007.

The court rejects petitioner's argument in his response that the limitations period in this case initially began running a day later than respondents alleged in their motion. Petitioner bases this argument on his contention that the date the Kansas Supreme Court denied review on direct appeal (December 20, 2000) may not be counted. Petitioner is correct that the date the Petition for Review was denied is not counted as one of the ninety days allowed for filing a Petition for Certiorari, and this day is not counted in this court's calculations. Nevertheless, the court agrees with respondents that the statute of limitations first began running on March 20, 2001. The court also agrees with petitioner's contention that the date the Supreme Court denied review in the state habeas proceedings, December 19, 2006, cannot be counted as the day the statute of limitations began running for the second time in this case. This date was not counted in this court's calculations.

Petitioner argues in his response that he is entitled to equitable tolling of at least two days. A litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, --- U.S. ----, 127 S.Ct. 1079, 1085 (2007), *quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to

timely file was caused by extraordinary circumstances beyond his control."); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).  In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 800 (10th Cir. 2000).  The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct- or other uncontrollable circumstance -prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).  "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808.

As grounds for equitable tolling, petitioner alleges "the copying policy of the Lansing Correctional Facility was the reason" for the late filing "as there are only two days to get copies per week."  The court rejects petitioner's request for equitable tolling for two reasons.  First, because petitioner fails to show that he pursued his rights diligently throughout the entire statute of limitations period; and second, petitioner does not show he was prevented from filing due to extraordinary circumstances beyond his control.

The court accepts as true that petitioner did not timely file his federal Petition because he was unable to obtain copies of his Petition for the few days, presumably less than a week[2], before it

---

[2]

Petitioner does not allege the date on which he first requested copies of his Petition.  Nor does he allege on what date after his request copies were first available under prison policy.  The

was due. Nevertheless, these allegations are not sufficient to support a finding that petitioner was diligent throughout the last week of the one-year limitations period, more less the other 51 weeks. Petitioner does not allege why he failed to prepare and submit his federal Petition for copying at any time during the one-year statute of limitations period when copies were available under the established prison policy or, at least, on the last day copies were available prior to the filing deadline. Nor does he allege that he requested expedited copies, but his request was unreasonably denied.

Petitioner's allegations also do not support a finding, as he urges under 28 U.S.C. 2244(d)(1)(B), that an impediment to filing his federal application was created by State action and he was prevented from filing by such State action. Petitioner's exhibit indicates the prison's policy on copying became effective May 15, 2006, which was months before his federal Petition was due. Petitioner would not have been prevented from filing his action, had he simply submitted his request for copies a few days earlier in time for copies to be provided within prison policy. Thus, it does not appear petitioner was impeded by anything other than his own failure to ask for and obtain copies on dates he had been informed copies would be available prior to the filing deadline. Petitioner also does not allege why he failed to submit his original Petition to the court for timely filing along with a statement that he was unable to obtain copies prior to filing. In

---

court presumes no more than a few days pass between an inmate's request and the provision of copies, because petitioner exhibits a copy of the prison policy indicating that copies could be obtained twice a week and alleges that copies were made available twice a week.

other words, petitioner states no facts indicating he was prevented from timely filing his application by extraordinary circumstances beyond his control.  See Burger, 317 F.3d at 1141, *citing* Gibson, 232 F.3d at 808.

The court finds from the foregoing facts that petitioner filed his federal habeas corpus petition in this action one day after the statute of limitations expired.  The court further finds that respondents have shown their entitlement to the benefit of the statute of limitations, while petitioner has failed to allege facts showing his entitlement to additional statutory or equitable tolling.  The court therefore concludes that this action should be dismissed as time-barred.  The Court is mindful of the harsh effect a dismissal will have on the petitioner's ability to have his claims heard in federal court, but finds no basis for tolling the limitations period enacted by Congress.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (Doc. 6) is sustained, this action is dismissed as time-barred, and all relief is denied.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge