IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH W. PALMER,**

                **Petitioner,**

        **v.**                          **CASE NO. 07-3007-SAC**

**DAVID R. McKUNE,
et al.,**

                **Respondents.**

### O R D E R

This habeas corpus action was dismissed as time-barred by order entered July 18, 2007. The court found Mr. Palmer's federal habeas petition was filed the day after the statute of limitations expired. Petitioner has filed a timely Motion to Alter or Amend Judgment pursuant to FRCP 59(e)[1]. Respondents have filed a Response to the motion. Having considered these materials, the court finds as follows.

28 U.S.C. § 2244(d)(1) provides that a person in custody pursuant to a state court judgment has a one-year period from the date his conviction becomes "final" in which to file a 2254 petition in federal court. Id. This limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)[2]. Under the clear

---

[1] Grounds for granting a Motion to Alter or Amend Judgment under FRCP 59(e) include: "(1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law." Renfro v. City of Emporia, Kansas, 732 F.Supp. 1116, 1117 (D.Kan. 1990, a'ffd, 948 F.2d 1529 (10th Cir. 1991).

[2] 28 U.S.C. § 2244(d)(2) specifically provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id.

language of this statute, Mr. Palmer could have tolled the federal limitations period at any time during the one-year limitations period by delivering a properly verified application for post-conviction relief to the state district court. See Burger v. Scott, 317 F.3d 1133, 1142 (10th Cir. 2003). Mr. Palmer reasons he must have presented his state habeas petition to prison officials for mailing at least one day prior to the date it was file-stamped by the state court. Thus, he asserts his state petition was "properly filed" by February 28, 2002, or he is entitled to statutory tolling for at least one additional day, and contends this renders his federal petition timely.

The Tenth Circuit Court of Appeals has held that "state procedural law must govern when determining whether a state petition is 'properly filed'." Burger v. Scott, 317 F.3d at 1139, *citing* Adams v. LeMaster, 223 F.3d 1177, 1181 (10th Cir. 2000). Respondent alleges, and petitioner has not controverted, that at the time Mr. Palmer filed his state habeas action, Kansas provided no time limit for filing a 60-1507 petition in the state district courts[3]. Respondents argue that, as a consequence, the prison mailbox rule was unnecessary and not applicable to determine the filing date of state post-conviction motions in Kansas[4].

---

[3] The one-year statute of limitations contained in K.S.A. 60-1507(f) became effective July 1, 2003.

[4] In Taylor v. McKune, 25 Kan.App.2d 283, 962 P.2d 566 (1998), the Kansas Court of Appeals (KCOA) held that the mailbox rule applied to toll the 30-day time limit for appeal under K.S.A. § 60-1501(b), and an appeal could be considered filed when delivered to prison officials for mailing to state court clerk. The Kansas courts also very recently held that an inmate's dependency on prison officials to effect the timely filing of 60-1507 motions dictates that the state court look to the date the inmate delivers the motion to prison officials for filing with the district court. See Dixon v. State, 151 P.3d 864, **3 (Kan.App. Feb. 16, 2007, Table); Redford v. State, 136 P.3d 964 **3 (Kan.App. June 30, 2006, Table)(not cited for precedential value). The KCOA noted it had applied the reasoning in Taylor to 60-1507 cases in Jones v. State, Case No. 93,239

Petitioner's argument might be convincing if the question were whether or not his state habeas action or an appeal of the denial of a state habeas petition was timely filed.  Clearly, Kansas courts have applied the prison mailbox rule to find state habeas petitions and appeals timely even though they were file-stamped by the state courts beyond state statutory limitations period.  However, that is not the question before this court, and petitioner's state habeas action was not improperly dismissed as untimely.

Instead, the question before this court is when Mr. Palmer's state habeas petition was "properly filed" for purposes of determining the full extent of its tolling effect under 28 U.S.C. § 2244(d)(2).  Mr. Palmer does not allege that he actually invoked the prison mailbox rule and as a result his state habeas petition was deemed filed on a date prior to the file-stamp date of March 1, 2002.  Nothing is presented which suggests that his state habeas action was "properly" and timely filed on any date other than the file-stamped date of March 1, 2002.  Petitioner is not entitled to additional statutory tolling for days he might have, but did not, invoke the prison mailbox rule prior to filing his state habeas action.

Moreover, Mr. Palmer has not alleged or established his compliance with the prison mailbox rule[5].  See Price v. Philpot, 420 F.3d 1158, 1166-67 (10th Cir. 2005)(stating specific requirements that must be met for application of prison mailbox rule).

---

(unpublished opinion filed Sept. 30, 2005).

[5]   In order to meet petitioner's burden of establishing that his petition should be treated as "filed" on the date it was given to prison authorities for mailing to the court, the inmate must allege and establish that he utilized his prison's legal – not regular or institutional – mail system in a timely manner. Id.

The court concludes petitioner is not entitled to additional statutory tolling as claimed in his motion. The court further finds the facts presented by petitioner were not beyond his control so as to entitle him to equitable tolling[6]. The court concludes no reason is alleged or exists to alter or amend its judgment entered July 18, 2007.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Alter or Amend Judgment (Doc. 10) is denied.

**IT IS SO ORDERED**.

Dated this 8th day of November, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[6] Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Moore v. Gibson, 250 F.3d 1295, (10th Cir.), cert. denied, 534 U.S. 1000 (2001), citing Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).