IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH W. PALMER,

               Petitioner,

           v.                    CASE NO.  07-3007-SAC

DAVID R. McKUNE,
et al.,

               Respondents.

O R D E R

      This action was dismissed as time-barred by order entered July 18, 2007, upon the court's finding that Mr. Palmer's federal habeas corpus petition was, unfortunately, filed the day after the statute of limitations expired.  Petitioner filed a timely Motion to Alter or Amend Judgment pursuant to FRCP Rule 59(e)[1], which was denied on November 8, 2007.  The matter is now before the court upon petitioner's second "Motion to Alter or Amend Judgment" (Doc. 13) filed November 29, 2007[2].  Respondents have filed a Response (Doc. 14) to the Motion, and petitioner has filed a Reply (Doc. 15).  Having considered these materials, the court finds as follows.

---

    [1]    Grounds for granting a Motion to Alter or Amend Judgment under FRCP Rule 59(e) include: "(1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law." Renfro v. City of Emporia, Kansas, 732 F.Supp. 1116, 1117 (D.Kan. 1990, a'ffd, 948 F.2d 1529 (10th Cir. 1991); Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir.1995).

    [2]    Petitioner's latest post-judgment motion was mailed on November 21, 2007.

**TIMELINESS AND CHARACTER OF MOTION**

To be timely under FRCP Rule 59(e), a motion must be served not later than ten days after entry of the court's judgment. Respondents argue that petitioner's motion was filed "well beyond" the time limit for filing a FRCP Rule 59(e) motion and as a result must be considered under FRCP Rule 60(b). Petitioner disagrees and contends that his second motion is timely because it was filed within ten working days after entry of the order denying his first post-judgment motion. Petitioner is correct that FRCP Rule 6(a), which excludes intermediate Saturdays, Sundays, and legal holidays, among other days, from computation of a time period that is less than eleven days, applies to the ten-day period for filing a Rule 59(e) motion. However, he is incorrect that the time limit for filing his second Rule 59(e) motion began to run from the date his first post-judgment motion was denied. Instead, it ran from July 18, 2007, the date of the entry of judgment dismissing this action.

This motion, like petitioner's first, challenges the July 2007 order dismissing his habeas petition as time-barred. There is no basis for viewing this second motion as questioning the denial of petitioner's first Rule 59(e) motion. When a party files a timely Rule 59(e) motion, the judgment under attack "loses its finality" and is "suspended" until the motion attacking the judgment is ruled upon. <u>Browder v. Dir., Dept. of Corr.</u>, 434 U.S.

257, 267 (1978)[3].   If the motion is denied, the finality of the judgment is reestablished.  A second, successive Rule 59(e) motion directed to the same judgment is "ineffectual," unless the first resulted in a new judgment, in which event "there is also a new period in which to file" a Rule 59(e) motion[4].  See Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986).   The order denying petitioner's first Rule 59(e) motion changed nothing about the original dismissal of this action, and thus did not result in a new judgment.   Consequently, the court's judgment dismissing this action was merely suspended until, and its finality was reinstated by, this court's order disposing of petitioner's first timely motion to alter or amend judgment.  See Skagerberg v. State of Okla., 797 F.2d 881, 883 (10th Cir. 1986).   It follows that petitioner's second Rule 59(e) motion is untimely and successive, and the court lacks jurisdiction to consider it as such.  Andrews, 447 F.3d at 515-16; 16A Wright & Miller: FPP § 3950.4.

The Tenth Circuit Court of Appeals construes a post-judgment "motion for reconsideration in one of two ways."  United

---

[3]    A timely motion to alter or amend a judgment under Rule 59(e) destroys the finality of the judgment for purposes of appeal.   The appeal deadline is automatically extended to run from the entry of the order disposing of the last timely filed Rule 59(e) motion.  FRCP Rule 4(a)(4)(iv); see Jones v. UNUM Life Ins. Co. of America, 223 F.3d 130, 136 (2nd Cir. 2000).

[4]    With regard to appeals, courts have similarly held that successive motions for relief under Rule 59(e) will not again toll the time period for the filing of a notice of appeal unless the district court grants the motion to alter or amend judgment.  See e.g., Borrero v. City of Chicago, 456 F.3d 698, 700 (7th Cir. 2006); Trinity Carton Co. Inc. v. Falstaff Brewing Corp., 816 F.2d 1066, 1069 (5th Cir. 1987); Wages v. Internal Revenue Serv., 915 F.2d 1230, 1234 FN3 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991).  A "party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the (thirty-day appeal) clock."  Martinez v. City of Chicago, 499 F.3d 721, 725 (7th Cir. 2007), citing Andrews v. E.I. Du Pont De Nemours and Co., 447 F.3d 510, 515 (7th Cir. 2006).

States v. Emmons, 107 F.3d 762, 764 (10th Cir. 1997); Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996); Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995).  "If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)."  Hatfield v. Board of County Com'rs for converse County, 52 F.3d 858, 861 (10th cir. 1995), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).  "Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b)."  Id.  Under these maxims, the court must construe petitioner's motion as one seeking relief from judgment under FRCP Rule 60(b).

**GROUNDS FOR MOTION**

As the general basis for his motion, petitioner claims that review is needed to correct clear error or to prevent manifest injustice.  In support, he more specifically argues that this court "failed to factor in" the time "it took the (Kansas Supreme) court to issue its final mandate" affirming the Kansas Court of Appeals decision, and that he is entitled to a minimum of two days additional tolling until the mandate issued.  Second, he claims this court failed to recognize that he submitted his federal petition "to be copied . . . on the evening of January 8, 2007;" and argues that under the "prison mailbox rule," January 8 must be

4

considered as the date his federal Petition was "filed."  Thus, he asserts he is entitled to one or more additional days of statutory tolling, which would render his federal petition timely.

## **RULE 60(b) LEGAL STANDARDS**

The grounds for a Rule 60(b) motion are set forth in the Rule:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Id. Relief under Rule 60(b) is discretionary, and should "only be granted in exceptional circumstances." Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000); Van Skiver, 952 F.2d at 1243. "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." Id. at 1243-44. The court may not grant a Rule 60(b) motion where no basis for relief is provided. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996)(noting that granting a Rule 60 motion without a basis for relief would be an abuse of the court's discretion). A

Rule 60(b) motion is clearly "not a substitute for appeal" and "concerns matters outside the issues raised and considered by the court in reaching its judgment." Brown v. McCormick, 608 F.2d 410, 413 (10th Cir. 1979).

The purpose of Rule 60(b) is not to allow the court to "revisit the issues already addressed" in the underlying order; and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation" in the underlying proceedings is "likewise inappropriate." Van Skiver, 952 F.2d at 1243. Neither Rule 59(e) nor Rule 60(b) offers a party the opportunity to re-litigate its case after the court has rendered a decision. See Servants of the Paraclete, 204 F.3d at 1012 ("A motion for reconsideration and a successive Rule 60(b) motion . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D.Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).

"[T]he most favorable consideration that can be given to (petitioner's) motion, in light of (his) pro se status," see Haines v. Kerner, 404 U.S. 519, 520 (1972), "is to treat it as one made under either Rule 60(b)(1)("mistake, inadvertence, surprise, or excusable neglect") or Rule 60(b)(6) ("any other reason justifying

6

relief"). <u>Van Skiver</u>, 952 F.2d at 1243. The Tenth Circuit "has recognized that in some instances relief may be granted under Rule 60(b)(1) on a theory of mistake of law, when, as here, the Rule 60(b) motion is filed before the time to file a notice of appeal has expired." <u>Id</u>. at 1244, citing <u>Morris v. Adams-Millis Corp.</u>, 758 F.2d 1352, 1358 (10th Cir. 1985). "However, such relief is available only for obvious errors of law, apparent on the record." <u>Van Skiver</u>, 952 F.2d at 1244, citing <u>Alvestad v. Monsanto Co.</u>, 671 F.2d 908, 912-13 (5th Cir.)(relief under Rule 60(b)(1) limited to "perfunctory correction" of obvious errors of law), <u>cert</u>. <u>denied</u>, 459 U.S. 1070 (1982). If a motion presents issues that are "arguable" but do not rise to the level of facially obvious errors of law, there is no basis for relief under Rule 60(b)(1). <u>Van Skiver</u>, 952 F.3d at 1244.

## **DISCUSSION**

Basically, petitioner claims in his motion that certain facts were overlooked or legally discounted, which should have entitled him to additional statutory tolling. He asserts that he seeks "to correct clear error and prevent manifest injustice," citing grounds under FRCP Rule 59(e). The court has generally considered petitioner's allegations and whether or not they entitle him to relief under any provision of Rule 60(b), particularly subsections (1) and (6). For the following reasons, the court concludes they do not.

**Time for Issuance of Mandate**

In this motion petitioner argues, for the first time, that he is entitled to "at least two days" additional statutory tolling beyond the date on which his Petition for Review was denied (December 19, 2006) by the Kansas Supreme Court in connection with his state habeas proceedings.[5] He claims the time the state supreme court took to issue its final mandate should also have tolled the statute of limitations. Obviously, these factual allegations and this argument are ones petitioner could have made prior to entry of the judgment disposing of this case. Thus, this is not an appropriate ground for a Rule 60(b) motion.

In any event, this claim has no legal merit. See Serrano v. Williams, 383 F.3d 1183, 1184-85 (10th Cir. 2004)(Court rejected claim that the state supreme court's decision was not "final," for purposes of determining tolling of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A), until the mandate issued.); see also Burton v. Jones, 209 Fed.Appx. 858, 859-60 (10th Cir. 2006). In Serrano, the Tenth Circuit reasoned that there was no action to be taken after the denial of review by the state supreme court, and thus there were no extensions of finality for mandate issuance[6].

---

[5]      On-line Kansas Appellate Court records in Palmer v. State of Kansas, Dist. Case # 02C734, Appellate Case Number 93939, indicate the Petition for Review in Palmer's state 60-1507 proceedings was denied on December 19, 2006, and the mandate issued on December 20, 2006.
       The denial of a Petition for Review by the Kansas Supreme Court is not subject to a Motion for Rehearing under that court's appellate rules. See Kansas S.Ct.Rules, Rule 8.03(f).

[6]      Cf. Rules of the Supreme Court of the United States, Rule 13, which provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry

In this case, Mr. Palmer was not required to act or respond in any way after the Kansas Supreme Court denied his Petition for Review. It follows that there was no obvious legal error in this court's not extending statutory tolling past the date the Petition for Review was denied to the next day when the mandate issued.   The court concludes this claim has no factual or legal merit, and provides no ground for relief from judgment.


**Prison Mail Box Rule**

Petitioner's other ground for relief must likewise be rejected.   Petitioner's allegations regarding the prison mailbox rule are confusing at best.   First, he states he submitted his motion "to be copied" on the evening of January 8, 2007, and it was returned to him the following morning so he could walk it over "to be copied and mailed." Elsewhere in his motion, petitioner alleges that he submitted his petition "via the inter facility mail" on January 8 so it could be "copied then mailed" and argues that just because it was returned for him to "walk it through the process" does not negate that he submitted it "to prison officials on January 8, 2007." These new allegations seem to indicate

---

of the judgment."   Under the Supreme Court Rule, the ninety days for filing a petition for certiorari with the United States Supreme Court expressly runs from the date of the state supreme court's entry of judgment and not the date of the issuance of its mandate.   United States Supreme Court Rule 13.3 states:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .

Id.

petitioner submitted his federal Petition to be copied on January 8 and 9, and actually left it to be mailed on January 9. Thus, petitioner's newly alleged facts do not even support his claim.

In addition, these factual allegations in petitioner's motion are not consistent with allegations he made earlier in this case. In his Motion to Alter or Amend Judgment, petitioner acknowledged his petition was late, but argued it was due to the policy at the prison of providing "only two days to get copies per week." This court rejected that argument finding petitioner had not shown diligence throughout the limitations period by getting his petition to prison officials in time for it to be copied and mailed within the time frame under known prison policy, and that he had not shown these circumstances were extraordinary and beyond his control.

Moreover, petitioner, in his reply to respondents' motion to dismiss, admitted he filed his federal Petition on January 9, 2007. He did not argue in opposition that he submitted it for mailing a day earlier. This court, in its Order denying relief entered July 18, 2007, clearly found that petitioner's federal petition was "filed" for statute of limitations purposes on January 9, 2007. Petitioner also failed to raise this argument in his timely Motion to Alter or Amend Judgment. This is clearly an argument he could and should have made prior to the judgment entered in this case. Thus, it is not an appropriate ground for relief under Rule 60(b).

Furthermore, this claim has no legal merit. The date that

is significant under the prison mailbox rule is that on which the
Petition was submitted for mailing, not copying.  See Houston v.
Lack, 487 U.S. 266, 270 (1988); Hoggro v. Boone, 150 F.3d 1223,
1226 FN3 (10th Cir. 1998); cf., March v. Soares, 223 F.3d 1217, 1218
FN 1 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)("Liberal
application of the mailbox rule . . . causes us to treat the
[habeas] petition as placed in the hands of prison authorities on
the same day it was signed.")(citation omitted).  Petitioner signed
a declaration "under penalty of perjury" on the last page of his
federal Petition that it was "placed in the prison mailing system
on January 9, 2007."  See United State v. Gray, 182 F.3d, 762, 766
(10th Cir. 1999)(". . . [T]he only evidence of the date petitioner
gave his motion to prison authorities for mailing is his
certificate of service, which contains a declaration in compliance
with 28 U.S.C. § 1746").  Rule 3(d) of the Rules Governing Section
2254 Cases, foll. 28 U.S.C. § 2254, provides:

> Inmate Filing.  A paper filed by an inmate . . .
> is timely if deposited in the institution's
> internal mailing system on or before the last day
> of filing.  If an institution has a system
> designed for legal mail, the inmate must use that
> system to receive the benefit of this rule.
> Timely filing may be shown by a declaration in
> compliance with 28 U.S.C. § 1746 or by a notarized
> statement, either of which must set forth the date
> of deposit and state that first-class postage has
> been prepaid.").

Id.  The court concludes petitioner has not shown any error in the
court's finding regarding the mail date of his Petition.


**CONCLUSION**

11

Petitioner's second post-judgment motion is mainly an attempt to have the court revisit some of the legal and factual predicates for its order dismissing the complaint as time-barred. Petitioner does not allege any facially obvious errors of law or fact. The court finds petitioner is not entitled to additional statutory tolling, and the court was not mistaken in not considering the claimed extra days as tolled. Nor are the circumstances newly emphasized by petitioner – his having submitted his Petition to prison authorities for copying a day before he submitted it for mailing and the Kansas Supreme Court issuing its mandate one day after denying his Petition for Review – "extraordinary" and "beyond his control" so as to warrant equitable tolling or to show excusable neglect. The court concludes no reason is alleged or exists to grant petitioner relief from its judgment entered herein on July 18, 2007.

**IT IS THEREFORE ORDERED** that petitioner's second Motion to Alter or Amend Judgment (Doc. 13) is treated as a Motion for Relief from Judgment under FRCP Rule 60(b) and is denied.

**IT IS SO ORDERED.**

Dated this 13th day of May, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

12